UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Civil No. 07-127-P-S |
| | ) | |
| $16,942.25 U.S. CURRENCY *in rem* | ) | |

**RECOMMENDED DECISION**

The Government has brought a civil action *in rem* against United States currency seized during the execution of a search warrant at the premises of Easton Wilson.  In addition to seizing the currency, agents seized a significant quantity of cocaine powder and cocaine base.  Following indictment and an unsuccessful effort to suppress the evidence seized during the search of his premises, Wilson pleaded guilty to, among other charges, conspiracy to distribute 50 grams or more of cocaine base, conspiracy to import 5 kilograms or more of cocaine, conspiracy to distribute cocaine base, and distribution of cocaine base.  He is presently serving a 320-month sentence of imprisonment.  United States v. Wilson, Crim. No. 03-18-B-S-1.  Now pending is Wilson's motion to dismiss the Government's forfeiture action on the grounds that his currency was seized without due process of law and that a forfeiture of the currency would violate the Double Jeopardy Clause and the Excessive Fines Clause.  I recommend that the Court deny the motion.

**Background**

Mr. Wilson filed a motion for return of personal property, including $21,000, in his criminal proceeding.  (Crim. No. 03-18-B-S-1, May 29, 2007, Mot. for Return, Doc. No. 586.) The Court denied that motion in a written order dated July 13, 2007, but also set aside an

administrative forfeiture for lack of sufficient process. (Id., Doc. No. 594.) The Court made the following recitation of the factual background:

> On February 10, 2003, a federal search warrant was obtained from the United States District Court, District of Maine for Mr. Wilson's residence at 42 South Chestnut Street, 2nd floor apartment, Augusta, Maine for alleged drug violations. On February 12, 2003, the search warrant was executed. Agents seized, among other things, a toiletry bag containing a Gucci watch from Mr. Wilson's bedroom. Agents also seized $16,942.25 in United States currency. Mr. Wilson provided post-Miranda statements to agents stating, in part, that he came to Maine in the summer of 2002, he was the biggest cocaine dealer in Augusta and he sold drugs to several people in the Augusta area.
> Mr. Wilson and several co-conspirators were indicted in the District of Maine. On November 20, 2003, Mr. Wilson pleaded guilty to counts one (conspiracy to distribute 50 grams or more of cocaine base), three (conspiracy to import 5 kilograms or more of cocaine), four (conspiracy to distribute cocaine base), five (conspiracy to distribute cocaine base) and six (distribution of cocaine base) of a second superseding indictment (Criminal No. 03-18-B-S). On June 8, 2004, Mr. Wilson was sentenced to 320 months in prison. On June 15, 2004, at the request of Mr. Wilson's attorney, Robert Napolitano, several seized items including but not limited to the Gucci watch, were returned to attorney Napolitano. The currency was the subject of an administrative forfeiture publication for three weeks. At the end of the publication time, no person filed a claim to the currency, and the $16,942.25 in United States currency was administratively forfeited. No notice of seizure or forfeiture of the currency was ever served on Mr. Wilson.

(Id. at 1-2, internal citations and quotation marks omitted.) Based on the Government's failure to serve Mr. Wilson with a notice of its administrative forfeiture proceeding and a finding that the Government knew of Mr. Wilson's interest, the Court set aside the Government's declaration of forfeiture with respect to Mr. Wilson, without prejudice to the Government's right to commence a new forfeiture proceeding. (Id. at 4.) The Government is pursuing that forfeiture through the vehicle of the pending civil action against the defendant currency, *in rem*, pursuant to 21 U.S.C. § 841(a)(1), 846 and 881(a)(6). (Ver. Compl. for Forfeiture ¶ 13, Doc. No. 1.)

In addition to his legal arguments, Mr. Wilson asserts in his motion papers that the currency should be returned to him because it was not obtained illicitly in the course of his drug

trafficking activities.  He maintains, to the contrary, that he derived the funds from his former livestock farm in Jamaica.  (Wilson's Notice of Claim, Doc. No. 4.)

## Discussion

Mr. Wilson's motion seeks the dismissal of the complaint or summary judgment.  I treat the motion here as a motion to dismiss, exclusively, as the arguments are legal in nature and have been presented in advanced of any discovery, or even scheduling order.  Moreover, the factual question of whether the funds were derived from the drug trade or from agricultural pursuits is a disputed matter that is not amenable to a summary disposition at this time.

Before addressing the constitutional challenges to the proceeding, I note that Mr. Wilson has not identified any deficiencies in the Government's pleading insofar as the statutory rules for this proceeding are concerned.  See 18 U.S.C. § 983 (Supp. 2007).  Therefore, although he recites the standard for a Rule 12(b)(6) motion, his arguments have nothing to do with the sufficiency of the allegations in terms of stating a claim.

**A.    Due Process**

On the first page of his motion Mr. Wilson asserts that his currency was seized without due process of law.  As the Government observes, Mr. Wilson's currency was taken in connection with the execution of a search warrant authorizing agents to seize not only contraband, but also "sums of cash . . . constituting the proceeds of the distribution of drugs." (United States v. 42 S. Chestnut St., Augusta, Me., 03-B-5-C, Search Warrant, Doc. No. 1-2, Aff. in Support of Search Warrant, Doc. No. 1-4.)  That warrant was sufficient pre-deprivation process.  The pending action for forfeiture is an appropriate post-deprivation process.

**B.     Double Jeopardy**

Mr. Wilson contends that the pending *in rem* civil forfeiture proceeding is barred by the Double Jeopardy Clause of the Fifth Amendment.

> The Double Jeopardy Clause provides: "Nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. The Clause serves the function of preventing both "successive punishments and . . . successive prosecutions." United States v. Dixon, 509 U.S. 688, 696, 125 L. Ed. 2d 556, 113 S. Ct. 2849 (1993), citing North Carolina v. Pearce, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969).  The protection against multiple punishments prohibits the Government from "'punishing twice, or attempting a second time to punish criminally for the  same offense.'" Witte v. United States, 515 U.S. 389, 396, 132 L. Ed. 2d 351, 115 S. Ct. 2199 (1995) (emphasis deleted), quoting Helvering v. Mitchell, 303 U.S. 391, 399, 82 L. Ed. 917, 58 S. Ct. 630 (1938).

United States v. Ursery, 518 U.S. 267, 273 (1996).  Mr. Wilson argues that this proceeding violates the Double Jeopardy Clause of the Constitution because he has previously been sentenced to a term of imprisonment and has been fined in connection with the underlying criminal activity.  In Ursery, the Supreme Court held that *in rem* civil forfeitures are neither punishment nor criminal for purposes of the Double Jeopardy Clause.  Id. at 270, 278 (vacating appeals court decisions that the Double Jeopardy Clause "prohibits the Government from both punishing a defendant for a criminal offense and forfeiting his property for the same offense in a separate civil proceeding," id. at 270, and reiterating from prior precedent that "[*i*]*n rem* civil forfeiture is a remedial civil sanction, distinct from potentially punitive *in personam* civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause," id. at 278); see also id. at 294-95 (explaining that an *in rem* civil forfeiture is a form of punishment, but "not a second *in personam* punishment for the offense, which is all the Double Jeopardy Clause prohibits") (Kennedy, J., concurring).  The Court's holding in Ursery precludes a dismissal on double jeopardy grounds

4

C. **Excessive Fine**

Finally, Wilson contends that a forfeiture would amount to an excessive fine in violation of the Eighth Amendment. The Eighth Amendment prohibits, among other things, excessive punishment in the form of an excessive fine payable to the government. Austin v. United States, 509 U.S. 602, 607-610 (1993). The prohibition is not limited to criminal proceedings. Id. at 608-609. As a form of punishment, a civil *in rem* forfeiture proceeding is subject to review for excessiveness under the Excessive Fines Clause of the Eighth Amendment. Id. at 619, 622. Although the Clause applies here, there is no need to address the question preliminarily, particularly as the Court has yet to issue an order finding that the property in question is subject to forfeiture under the relevant statutory language. Cf. Ursery, 518 U.S. at 287 ("[A] preliminary-stage inquiry that focused on the disproportionality of a particular sanction would be duplicative of the excessiveness analysis that would follow."). Although the time has not yet come to resolve this issue, the Court of Appeals for the First Circuit has prescribed a test to guide the Court's future consideration. In a nut shell, "the question is whether the harshness of the forfeiture is grossly disproportional to the gravity of the crime." United States v. 45 Claremont St., 395 F.3d 1, 6 (1st Cir. 2004) (characterizing the forfeiture of a $200,000 home as harsh, but not excessive in light of owner's culpability in cocaine trafficking of equal or greater value).

**Conclusion**

For the reasons set forth above, I RECOMMEND that the Court DENY Mr. Wilson's motion to dismiss and/or for summary judgment (Doc. No. 6).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served

with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                /s/ Margaret J. Kravchuk
                U.S. Magistrate Judge

October 10, 2007